LEWIS & LLEWELLYN LLP
Marc R. Lewis (Bar No. 233306)
mlewis@lewisllewellyn.com
Rebecca F. Furman (Bar No. 294082)
bfurman@lewisllewellyn.com
505 Montgomery Street, Suite 1300
San Francisco, California 94111
Telephone:  (415) 800-0590
Facsimile:   (415) 390-2127

Attorneys for Plaintiff
NEVADA DEANZA FAMILY
LIMITED PARTNERSHIP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NEVADA DEANZA FAMILY LIMITED PARTNERSHIP, a Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>TESORO REFINING & MARKETING COMPANY LLC, a Delaware Corporation, MARATHON PETROLEUM CORPORATION, a Delaware Corporation, and MARATHON PETROLEUM COMPANY LP, a Delaware Corporation,<br><br>Defendants. | CASE NO. 5:19-cv-3773<br><br>**COMPLAINT FOR:**<br><br>**(1)  Rescission for Mutual Mistake**<br>**(2)  Rescission for Unilateral Mistake**<br>**(3)  Rescission for Fraudulent Inducement**<br>**(4)  Fraud**<br>**(5)  Violation of Bus. & Prof. Code § 17200**<br><br><u>**JURY TRIAL DEMANDED**</u> |

COMPLAINT

Plaintiff Nevada DeAnza Family Limited Partnership ("NDF") for its complaint against defendants Tesoro Refining & Marketing Company LLC ("Tesoro"), Marathon Petroleum Corporation, and Marathon Petroleum Company LC ("collectively, "Defendants") alleges as follows:

**SUMMARY OF THE ACTION**

1.     California is at the forefront of encouraging the adoption of zero emission vehicles and the supporting fueling infrastructure, including retail hydrogen stations.  In order to expand the retail hydrogen network, California provides grants for gas station owners and hydrogen station developers to install hydrogen fuel dispensers at existing gas stations.  These grants are competitive and require gas station owners and hydrogen retailers to submit plans and obtain approvals based on specific plans at a specified location several years in advance.

2.     California's leading company in retail hydrogen fueling is FirstElement Fuel Inc. ("FirstElement").  FirstElement has strategically partnered with several gas stations throughout California to provide access to retail hydrogen across the state.

3.     FirstElement long sought to establish a hydrogen station in Sunnyvale, California.  In that effort, FirstElement identified a station in Sunnyvale (the "Sunnyvale Station") owned by Plaintiff Nevada DeAnza Family Limited Partnership ("NDF").  In 2016, FirstElement approached NDF to install hydrogen dispensers under the canopy at the Sunnyvale Station.

4.     When NDF first began speaking with FirstElement regarding selling hydrogen at the Sunnyvale Station, both parties envisioned selling hydrogen under the canopy, similar to how petroleum fuel is sold at a conventional gas station.  This was because the design of the Sunnyvale Station was such that the only possible location for a hydrogen dispenser was under the canopy.

5.     While NDF was discussing the installation of hydrogen dispensers with FirstElement, it was also negotiating a supply and branding contract with Tesoro, who owned the Mobil oil and gas company brand. This contract generally provided Tesoro with some control over the physical aspects of the Sunnyvale Station in exchange for exclusive petroleum supplies and other terms.

6.     Before agreeing to brand the Sunnyvale Station under the Mobil name, NDF informed Tesoro that it intended to install a hydrogen dispenser under the canopy.  Tesoro did not

object or even hint that the location of the hydrogen dispenser under the canopy would be a problem.

7. After NDF and Tesoro reached an agreement, and following the Mobil rebranding, NDF informed multiple Tesoro (and later, Tesoro's successor, Andeavor) representatives of the plan to install hydrogen under the canopy.  Still, no one objected.

8. Since 2016, NDF and FirstElement have expended tremendous time and money implementing their plan to bring hydrogen under the canopy at the Sunnyvale Station including, but not limited to, preparing, submitting, and winning a competitive grant proposal, acquiring equipment for the site, preparing plans and engineering for the site, applying and receiving entitlements, submitting initial and corrected drawings for building plan check, and completing initial stages of construction to install underground vaults and conduits.

9. In 2018, Defendants Marathon Petroleum Corporation and/or Marathon Petroleum Company LP ("Marathon") acquired Tesoro and, on information and belief, acquired the branding contract.  On or around February 1, 2019 Marathon suddenly, and without explanation, reversed course.  Marathon informed NDF that NDF would not be permitted to install hydrogen under its own canopy at the Sunnyvale Station.

10. This was the first time that NDF had heard any objection to under-canopy hydrogen. Had NDF known that Tesoro would have been sold to Marathon or that Tesoro and/or Marathon would not have approved of the hydrogen plan, it never would have agreed to brand as a Mobil station.

11. Marathon's sudden reversal has set into motion a series of events that have been, and will continue to be, fundamentally damaging to NDF.  Marathon is essentially demanding that NDF abandon the plans and permits it has obtained thus far and breach its significant contract with FirstElement, all for reasons it refuses to explain.

12. NDF now has no choice but to rescind its contract with Tesoro.

## THE PARTIES

13. Plaintiff NDF is a limited partnership registered in Nevada and with its headquarters and principal place of business in Las Vegas, Nevada.  NDF's partners are citizens of California and Nevada.

2
COMPLAINT

14.    On information and belief, Defendant Tesoro Refining & Marketing Company LLC is a Delaware corporation with its principal place of business located at 539 South Main Street, Findlay, Ohio 45840.  Tesoro's sole member, Western Refining Southwest, Inc., is an Arizona corporation with its principal place of business also located at 539 South Main Street, Findlay, Ohio 45840.

15.    On information and belief, Defendant Marathon Petroleum Corporation is a Delaware corporation with its principal place of business located at 539 South Main Street, Findlay, Ohio 45840.

16.    On information and belief, Defendant Marathon Petroleum Company LP is a Delaware corporation with its principal place of business located at 539 South Main Street, Findlay, Ohio 45840.  Defendants Marathon Petroleum Corporation and Marathon Petroleum Company LP are referred to collectively as "Marathon."  Upon information and belief, Marathon acted as the agent of Tesoro with respect to the conduct alleged herein.

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this is a dispute between citizens of different states and the amount in controversy exceeds $75,000.

18.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including the fraudulent omissions alleged in this Complaint.  The Sunnyvale Station is also located in this District.

19.    This Court has personal jurisdiction over each Defendant because each Defendant: purposefully directed its activities to Plaintiff and this District and regularly conducts business in this District.  Each Defendant also acted as the agent for and alter ego of the other Defendants with respect to the misconduct against NDF.

## INTRADISTRICT ASSIGNMENT

20.    This action should be assigned to the San Jose Division pursuant to Local Rule 3-2(c) and (e).

/ / /

COMPLAINT

# FACTUAL BACKGROUND

**A.    NDF Partners with FirstElement to Install a Hydrogen Dispenser at the Sunnyvale Station.**

21.    In 2015, NDF purchased the Sunnyvale Station.  NDF's majority-ownership partners are a married couple, Hossain (Mike) and Christine Khaziri, who are small business owners in the Bay Area, including in the City of Sunnyvale ("Sunnyvale").

22.    At the time of purchase, the Sunnyvale Station was unbranded.  That is, it was not operated under any brand name gas company, such as Chevron, 76, or Shell.

23.    Soon after NDF purchased the Sunnyvale Station, the Khaziris, on behalf of NDF, were approached by FirstElement about the possibility of installing a hydrogen fuel dispenser at the Sunnyvale Station.

24.    California is a major proponent of hydrogen fuel and funds hydrogen fuel research, development, and commercial deployment.  For example, EXECUTIVE ORDER B-48-18; ZERO EMISSION VEHICLES signed by Governor Brown in January 2018 orders that, "all State entities work with the private sector and all appropriate levels of government to put at least 5 million zero-emission vehicles on California roads by 2030" and that all State entities work with the private sector and all appropriate levels of government to spur the construction and installation of 200 hydrogen fueling stations and 250,000 zero-emission vehicle chargers, including 10,000 direct current fast chargers, by 2025."[1]

25.    One of the challenges of adopting zero emission fuel cell vehicles powered by hydrogen is the lack of a robust hydrogen retail fueling network.  To make hydrogen a viable market alternative, California provides significant funding for the development of the hydrogen distribution network through various policies and incentives.

26.    In 2013, California "established long-term authority to co-fund the first 100 retail hydrogen stations."  California implements this funding through various grant awards.  For example,

---

[1] https://www.ca.gov/archive/gov39/2018/01/26/governor-brown-takes-action-to-increase-zero-emission-vehicles-fund-new-climate-investments/index.html

4

COMPLAINT

in April 2018, the California Energy Commission awarded $8 million to develop a hydrogen truck refueling station at the Port of Long Beach.[2]

27.    Given California's commitment to a sustainable future, NDF was eager to install hydrogen and thought that a hydrogen dispenser at the Sunnyvale Station would appeal to its Silicon Valley customers.  NDF therefore began discussions with FirstElement to install a hydrogen fuel dispenser (the "Hydrogen Dispenser") at the Sunnyvale Station.

28.    As part of those discussions, NDF and FirstElement planned the location of the Hydrogen Dispenser.

29.    The location of the Hydrogen Dispenser was extremely important as to whether it could be installed at the Sunnyvale Station and needed to be finalized before a grant could be submitted for the site in 2016.  Whereas some gas stations place hydrogen dispensers "outside the canopy," if the space and layout or the gas stations allow for it, NDF would need to place the Hydrogen Dispenser under the canopy at the Sunnyvale Station.

30.    The need to place the Hydrogen Dispenser under the canopy is due to the way the Sunnyvale Station was built nearly 20 years ago, prior to NDF's ownership.  The Sunnyvale Station sits on the corner of a major intersection in Sunnyvale.  It has a large convenience store and service center that take up much of the non-pump real estate.  The Sunnyvale Station is also bordered on two sides by a large shopping center, which has an easement on part of the Sunnyvale Station.  This leaves insufficient room outside of the canopy for a hydrogen dispenser, which is obvious to anyone who visits the property and is even minimally familiar with the operation of gas stations.

**B.    NDF Begins Re-Branding as a Mobil Station.**

31.    In Spring 2016, NDF began considering how to brand the Sunnyvale Station.  The Sunnyvale Station could remain unbranded or partner with a supplier that would allow hydrogen to be installed under the canopy.  In furtherance of the latter option, NDF began discussions with Tesoro to brand as a Mobil station.  In 2016, the Mobil brand was owned by Tesoro.

32.    Tesoro was in the midst of an expansion of the Mobil brand to Northern California.

---

[2] https://transportationtodaynews.com/news/9151-california-energy-commission-awards-8-million-hydrogen-refueling-station/

COMPLAINT

On information and belief, Tesoro and its sales representatives were under enormous pressure to brand gas stations as Mobil stations.

33.    Mr. Khaziri's Tesoro contact was Chris Wilson, a Franchise Recruiter for Mobil Brand Development.  Mr. Wilson's email signature identified him as affiliated with Mobil/Tesoro and he emailed Mr. Khaziri from his Tesoro email account.  NDF understood Mr. Wilson to be Tesoro's agent in 2016 although, on information and belief, he is now employed by Marathon Petroleum Corporation or Marathon Petroleum Company LC.

34.    Mr. Khaziri met with Mr. Wilson on or about March 29, 2016 to discuss branding the Sunnyvale Station as a Mobil station.  Mr. Khaziri and Mr. Wilson met at the Sunnyvale Station and walked around the property.  During their walk and conversation, Mr. Khaziri discussed NDF's intention to install the Hydrogen Dispenser at the Sunnyvale Station.  Mr. Khaziri was clear that the Hydrogen Dispenser would be installed under the canopy.

35.    In fact, given the lack of space outside of the canopy, it would have been obvious to anyone familiar with gas stations that any Hydrogen Dispenser would have to go under the canopy.  There was—and is—simply no other option.

36.    Mr. Wilson did not object to the location of the Hydrogen Dispenser.  Instead, he expressed enthusiasm and suggested to Mr. Khaziri that Mr. Khaziri clearly label the Hydrogen Dispenser as hydrogen so as to avoid customer confusion, as it would be located right next to the gas pumps.

37.    On information and belief, it now appears that, during this meeting, Mr. Wilson knew that Tesoro would not have approved a Hydrogen Dispenser under the canopy.  However, in the interest of expanding the Mobil brand into Northern California, he failed to disclose this material fact to NDF.

38.    Additionally, on information and belief, at the time of Mr. Wilson and Mr. Khaziri's conversation, Mr. Wilson was unaware that Tesoro would eventually be acquired by Marathon and that Marathon would also not allow NDF to install an under-canopy hydrogen dispenser.

39.    Had NDF known that, by branding the Sunnyvale Station as a Mobil station, NDF would lose its ability to install hydrogen under its own canopy, it would have either remained

COMPLAINT

independent or partnered with a different brand.

40.   Mr. Wilson and Mr. Khaziri emailed about the Sunnyvale Station rebranding through the Spring of 2016.  Mr. Wilson emailed Mr. Khaziri again in October 2016, asking if Mr. Khaziri was still interested in Mobil branding.  At no time did Mr. Wilson raise the location of the Hydrogen Dispenser as an issue, inform NDF that the Hydrogen Dispenser would need to be placed outside of the canopy, or express any other concerns about hydrogen at the Sunnyvale Station.  From Mr. Khaziri's perspective, Tesoro was very interested in branding the Sunnyvale Station as a Mobil station and would allow the Hydrogen Dispenser to be installed under the canopy.

**C.    NDF and FirstElement Obtain the Necessary Permits for a Hydrogen Dispenser Under the Canopy.**

41.   NDF proceeded to undertake the necessary actions to install the Hydrogen Dispenser at the Sunnyvale Station under the canopy in reliance on Mr. Wilson's lack of objection to the Hydrogen Dispenser.  Both NDF and FirstElement spent significant time and money working toward the installation of the Hydrogen Dispenser under the canopy.

42.   On July 12, 2016, FirstElement informally submitted the plans for the Hydrogen Dispenser to Sunnyvale's Department of Planning, Building, Engineering & Fire.  The plans, showing the dispenser under the canopy, are attached as **Exhibit 1**.

43.   On July 18, 2016, a Due Diligence Report was completed for FirstElement.  This Report showed the location of the dispenser under the canopy before the Sunnyvale Station was branded Mobil.  A copy of the report is attached as **Exhibit 2**.

44.   On July 22, 2016, NDF and FirstElement entered into a Site Lease, in which NDF leased part of the Sunnyvale Station to FirstElement for the purposes of installing the Hydrogen Dispenser at the Sunnyvale Station.

45.   On August 19, 2016, FirstElement submitted a grant application to the California Energy Commission for the installation and use of the Hydrogen Dispenser under the canopy at the Sunnyvale Station.  The grant application was and is publicly available upon request.

46.   On June 14, 2017, California Energy Commission awarded FirstElement a $1.95 million grant related to the Hydrogen Dispenser at the Sunnyvale Station.  Notice of the approval

was and is publicly available at https://www.energy.ca.gov/business_meetings/2017_agendas/2017-06-14_agenda.pdf and is attached as **Exhibit 3**.

47. On June 27, 2018, the Sunnyvale Planning Department approved the entitlements for the addition of hydrogen dispensing at the Sunnyvale Station, including the addition of hydrogen dispensers under the existing canopy.  The plans were publicly noticed by the Sunnyvale Planning Department, as was the entitlements' approval.

48. On October 25, 2018, NDF and FirstElement submitted plans to Sunnyvale's Building Department for approval of the Hydrogen Dispensers at the Sunnyvale Station.  On November 15, 2018, Sunnyvale issued corrections for the plans, which are publicly available on Sunnyvale's website.  The plans clearly stated that the hydrogen dispensers will be located under the existing canopy once the corrections are addressed and the plans are approved.

49. NDF and FirstElement have re-submitted their plans to Sunnyvale's Building Department with corrections.  NDF and FirstElement anticipate that Sunnyvale will fully permit the addition of the Hydrogen Dispensers by August 2019.

**D.    NDF and Tesoro Enter into the RSA, and Tesoro Continues to Represent that the Hydrogen Dispenser Will Be Permitted Under the Canopy.**

50. On December 1, 2016, NDF entered into a Retail Services Agreement (**Exhibit 4**) with Tesoro.  NDF signed the RSA in reliance on Mr. Wilson's omissions regarding the under-canopy Hydrogen Dispenser.

51. In approximately January 2017, Tuan Nguyen was assigned as the new Tesoro Northern California Retail Account Manager for Shell, Mobil & USA Brands.  Mr. Nguyen's email signature identified him as affiliated with Tesoro Refining and Marketing Company and he had a Tesoro email account.  NDF believed Mr. Nguyen to be Tesoro's agent in 2017 although, on information and belief, he is now employed by Marathon Petroleum Corporation or Marathon Petroleum Company LC.

52. Mr. Khaziri first met Mr. Nguyen in approximately January or February 2017.  The two men met at the Sunnyvale Station.  During this meeting, Mr. Khaziri informed Mr. Nguyen that he planned to install the Hydrogen Dispenser under the canopy because of the lack of space in any

other area of the Sunnyvale Station. Like Mr. Wilson, Mr. Nguyen did not object to this location.

53.    After walking around the property and further discussing the Sunnyvale Station, the two men walked across Sunnyvale Saratoga Road to Falafel Stop for lunch. During lunch, Mr. Khaziri and Mr. Nguyen talked at length about hydrogen technology. Again, Mr. Nguyen did not raise any objection to the placement of the Hydrogen Dispenser under the canopy at the Sunnyvale Station. Instead, Mr. Nguyen was interested to know more about hydrogen and Mr. Khaziri provided a comprehensive explanation of hydrogen technology.

54.    During the meeting, Mr. Nguyen was effusive in his praise of NDF's re-branding efforts. Mr. Khaziri had been able to get certain Mobil signage approved by Sunnyvale that other Sunnyvale Station operators had not, and Mr. Nguyen praised Mr. Khaziri for his success.

55.    Following this meeting, Mr. Khaziri continued his email correspondence with Mr. Nguyen and Mr. Wilson regarding the re-branding of the Sunnyvale Station. At no point did either Mr. Nguyen or Mr. Wilson discuss the Hydrogen Dispenser.

56.    On or about March 15, 2017, Mr. Khaziri informed Mr. Nguyen that he was ready to begin accepting Mobil fuel. Tesoro began delivering gas shortly thereafter and the Sunnyvale Station completed its conversion to a Mobil facility.

57.    Upon information and belief, at some point in 2017, Tesoro was acquired by Andeavor. On March 7, 2018, Brandon Plank, an Andeavor Associate Branded Sales Manager, visited the Sunnyvale Station at 11:30 a.m. NDF believed that Mr. Plank was an Andeavor/Tesoro agent.

58.    Mr. Khaziri and Mr. Plank discussed the branding in detail. Again, Mr. Khaziri disclosed the hydrogen fuel installation under the canopy at the Sunnyvale Station. Like Mr. Wilson and Mr. Nguyen, Mr. Plank did not object. During the meeting, Mr. Plank complimented Mr. Khaziri as to how effectively NDF had converted the Sunnyvale Station to the Mobil brand.

59.    On information and belief, Mr. Plank knew that Tesoro and/or Andeavor would not approve of the Hydrogen Dispenser under the canopy but failed to disclose this material fact to Mr. Khaziri.

60.    Alternatively, Mr. Plank believed that the Hydrogen Dispenser was allowed by

9

COMPLAINT

Tesoro and/or Andeavor but was unaware that Tesoro and Andeavor would soon be sold to Marathon and that Marathon would object to the installation of the Hydrogen Dispenser.

61.    On or about May 23, 2018, Mr. Khaziri hosted another meeting at the Sunnyvale Station.  Attending the meeting were Mr. Plank, Mr. Nguyen, and Robert Mustain, the Senior Director of National Branded Sales for Andeavor.

62.    All four men met at the Sunnyvale Station for about 15 minutes.  Again, the men complimented Mr. Khaziri for how he was able to get Sunnyvale approvals for all of the requested Mobil branding.

63.    While at the Sunnyvale Station, the men discussed the Hydrogen Dispenser and that Mr. Khaziri was planning on installing hydrogen at the Sunnyvale Station.  Mr. Khaziri pointed out the location of the Hydrogen Dispenser under the canopy.  Again, none of the Tesoro/Andeavor representatives raised any objection.

**E.    Marathon Notifies NDF that It Will Not Permit Hydrogen Under the Canopy.**

64.    On November 16, 2018, Mr. Plant invited Mr. Khaziri to a Customer Appreciation Luncheon to be held on December 5, 2018.  The lunch was hosted by Marathon Petroleum – ExxonMobil Direct.  This was the first notice that Mr. Khaziri received that Marathon had acquired Tesoro/Andeavor.  On information and belief, Marathon is the successor of Andeavor and acquired its liabilities.

65.    On or about February 1, 2019, Anna Christie—the new Marathon Brand Manager—came to the Sunnyvale Station to meet Mr. Khaziri.  During the meeting, Mr. Khaziri walked Ms. Christie around the station and again explained his hydrogen plans, including the location of the Hydrogen Dispenser under the canopy.  For the first time, Ms. Christie informed Mr. Khaziri that Marathon may not permit an under-canopy hydrogen fuel dispenser.

66.    Mr. Khaziri explained to Ms. Christie that the prior Tesoro/Andeavor representatives had not expressed any concern about the under-canopy Hydrogen Dispenser and that NDF and FirstElement had proceeded with the hydrogen plan based over the prior three years in reliance on Tesoro's implicit representations that the Hydrogen Dispenser was permitted.

/ / /

COMPLAINT

67.     Following the meeting, Ms. Christie requested site plans, elevations, and photos related to the Hydrogen Dispenser, which Mr. Khaziri provided.  Nevertheless, on February 15, 2019, Ms. Christie informed NDF that the installation of the Hydrogen Dispenser is an "Ancillary Business" and "is expressly prohibited by [NDF's] Retail Sales Agreement for the Mobil brand" with Tesoro.  Ms. Christie's February 15, 2019 correspondence is attached as **Exhibit 5**.  None of the prior Tesoro or Andeavor representatives had discussed that the under-canopy Hydrogen Dispenser could potentially violate the RSA.

68.     Between March and June 2019, NDF and Marathon continued their negotiations regarding the Hydrogen Dispenser.  On June 6, 2019, Marathon again refused to allow the under-canopy Hydrogen Dispenser.  Although the Hydrogen Dispenser has not been installed, NDF and FirstElement expect to receive approval from Sunnyvale within the next two months.  NDF therefore has no choice but to rescind the RSA.

## FIRST CLAIM FOR RELIEF
### (Rescission for Mutual Mistake Against All Defendants)

69.     NDF incorporates by reference all of the preceding paragraphs as if fully set forth herein.

70.     On December 2, 2016, NDF and Tesoro entered into the RSA.

71.     Consent to the RSA was not real, mutual, or free in that it was obtained solely through the mutual mistakes as herein alleged.

72.     The RSA was entered into under material, mutual mistakes of fact in that both NDF and Tesoro believed that NDF could install the Hydrogen Dispenser under the canopy at the Sunnyvale Station.  The Parties were unaware that Tesoro would be acquired by Marathon before the installation of the Hydrogen Dispenser and that Marathon would object to the installation of the Hydrogen Dispenser under the canopy.

73.     NDF entered into the RSA because it had been led to believe that it would be permitted to install the Hydrogen Dispenser under the canopy at the Sunnyvale Station.  The installation of the Hydrogen Dispenser under the canopy was material to NDF entering into the RSA.

COMPLAINT

74.    As a result, NDF has incurred significant expenses and fees.

75.    When it entered into the RSA, NDF could have remained unbranded (allowing it complete discretion to install hydrogen under the canopy), or partnered with a supplier that would have allowed hydrogen to be installed under the canopy.  Therefore, but for the mutual mistake, NDF would not have signed the RSA.

76.    According to February 15, 2019 correspondence, Marathon's position is that the RSA allows it to block the installation of hydrogen under the canopy because it is an "Ancillary Business" under the RSA and is therefore "expressly prohibited" by the RSA.  *See* **Exhibit 5.**

77.    NDF seeks a rescission of the RSA as a result of these mutual mistakes of fact. NDF has no other adequate remedy at law and will suffer irreparable harm if this agreement is not rescinded.

78.    NDF intends service of this Complaint to serve as notice of rescission of the RSA as provided in Section 1691 of the California Civil Code.

## SECOND CLAIM FOR RELIEF
### (Rescission for Unilateral Mistake Against All Defendants)

79.    NDF incorporates by reference all of the preceding paragraphs as if fully set forth herein.

80.    On December 2, 2016, NDF and Tesoro entered into the RSA.

81.    The RSA was entered into under a unilateral mistake of fact by NDF.  NDF believed, due to misleading omissions by at least one Tesoro representative prior to the signing of the RSA, that it could install the Hydrogen Dispenser under the canopy at the Sunnyvale Station.  NDF was unaware that it would not be permitted to install the Hydrogen Dispenser under the canopy at the Sunnyvale Station.

82.    Tesoro and Andeavor's omissions included omissions by Mr. Wilson on or about March 29, 2016, in which he did not disclose to NDF that the Hydrogen Dispenser could not be installed under the Sunnyvale Station's canopy.  Mr. Wilson allowed NDF to believe that the Hydrogen Dispenser could be installed under the canopy in order to induce NDF to sign the RSA.

83.    NDF's mistaken belief was not caused by its own excessive carelessness.

84. On information and belief, as a Tesoro Franchise Recruiter for Mobil Brand Development, Mr. Wilson knew that the Hydrogen Dispenser may not be allowed under the canopy but nevertheless allowed NDF to believe that it would be allowed. Mr. Wilson even discussed the proper labelling of the Hydrogen Dispenser and other details of the Hydrogen Dispenser and hydrogen generally with NDF. By doing so, Tesoro—through its agent Mr. Wilson—encouraged and fostered NDF's misunderstanding of a material fact related to the Hydrogen Dispenser.

85. Mr. Wilson did so in order to induce NDF to sign the RSA and more quickly penetrate the Northern California market with the Mobil brand.

86. Tesoro's negotiation of the RSA was not in good faith.

87. As a result of Tesoro's misleading omissions related to the Hydrogen Dispenser, NDF entered into the RSA with Tesoro.

88. Tesoro, and now Marathon, used NDF's mistaken belief to its advantage by profiting from NDF's operation of the Sunnyvale Station. Whereas NDF was obligated pursuant to the RSA to sell 80,000 gallons of gasoline per month, NDF regularly sells significantly more than that amount.

89. NDF's mistaken belief was not caused by its own excessive carelessness.

90. Had Tesoro not mislead NDF, NDF would have not have entered into the RSA and instead would have either operated the Sunnyvale Station as an independent Sunnyvale Station or entered into a branding agreement with another company.

91. NDF would not have signed the RSA if it had known that the it would not be permitted to install the Hydrogen Dispenser under the canopy at the Sunnyvale Station.

92. As a result, NDF has incurred significant expenses and legal fees.

93. The RSA's term is for another approximately 12 years. If NDF were forced to perform on the RSA to the end of its term, RSA would suffer damage in the millions of dollars and be subject to potential liability from third parties.

94. NDF intends service of this Complaint to serve as notice of rescission of the RSA as provided in Section 1691 of the California Civil Code.

/ / /

COMPLAINT

## THIRD CLAIM FOR RELIEF
**(Rescission for Fraudulent Inducement Against All Defendants)**

95.     NDF incorporates by reference all of the preceding paragraphs as if fully set forth herein.

96.     On December 2, 2016, NDF and Tesoro entered into the RSA.  As a result, Tesoro and Andeavor had a duty to disclose material facts related to their business relationship.

97.     On or about March 29, 2016, NDF, by and through Mr. Khaziri, spoke with Tesoro representative Chris Wilson.

98.     Mr. Khaziri disclosed that NDF planned to install the Hydrogen Dispenser at the Sunnyvale Station under the canopy.  Mr. Wilson did not disclose to NDF that the Hydrogen Dispenser may not be permitted to be installed under the Sunnyvale Station's canopy.  This fact was known only to Tesoro.  Mr. Wilson allowed NDF to believe that the Hydrogen Dispenser could be installed under the canopy in order to induce NDF to sign the RSA.

99.     On information and belief, as a Tesoro Franchise Recruiter for Mobil Brand Development, Mr. Wilson knew that the Hydrogen Dispenser may not be allowed under the canopy but nevertheless allowed NDF to believe that it would be allowed.

100.    NDF did not know that Defendants later would not permit the Hydrogen Dispenser under the canopy at the Sunnyvale Station, and could not have discovered this information.

101.    The location of the Hydrogen Dispenser was material to whether NDF would enter into the RSA.

102.    NDF reasonably relied upon Tesoro's omissions in agreeing to brand the Sunnyvale Station as a Mobil station and entering into the RSA.

103.    Had Tesoro not fraudulently concealed this material information, NDF would not have entered into the RSA and instead would have either operated the Sunnyvale Station as an independent Sunnyvale Station or entered into a branding agreement with another company.

104.    As a result, NDF has incurred significant expenses and legal fees.

105.    NDF intends service of this Complaint to serve as notice of rescission of the RSA as provided in Section 1691 of the California Civil Code.

14
COMPLAINT

**FOURTH CLAIM FOR RELIEF**
**(Fraud Against All Defendants)**

106.    NDF incorporates by reference all of the preceding paragraphs as if fully set forth herein.

107.    On December 2, 2016, NDF and Tesoro entered into the RSA.

108.    Defendants made other omissions regarding the location of the Hydrogen Dispenser, in addition to the March 29, 2016 omission by Mr. Wilson.

109.    In approximately January or February 2017, NDF again met with Tesoro. This time, the Tesoro representative was Mr. Nguyen. Mr. Khaziri gave Mr. Nguyen a tour of the Sunnyvale Station, and informed Mr. Nguyen that he planned to install the Hydrogen Dispenser under the canopy because of the lack of space in any other area of the Sunnyvale Station. Like Mr. Wilson, Mr. Nguyen did not object to the Hydrogen Dispenser's location under the canopy.

110.    Mr. Khaziri and Mr. Nguyen then walked to lunch across the street from the Sunnyvale Station. During lunch, Mr. Khaziri and Mr. Nguyen talked at length about hydrogen technology. Again, Mr. Nguyen did not raise any objection to the placement of the Hydrogen Dispenser at the Sunnyvale Station. Instead, Mr. Nguyen was interested to know more about hydrogen and Mr. Khaziri provided a comprehensive explanation of hydrogen technology.

111.    Following this meeting, Mr. Khaziri continued his email correspondence with Mr. Nguyen and Mr. Wilson regarding the re-branding of the Sunnyvale Station. At no point did either Mr. Nguyen or Mr. Wilson discuss the Hydrogen Dispenser.

112.    On or about March 7, 2018, Brandon Plank visited the Sunnyvale Station at 11:30 a.m. Mr. Khaziri and Mr. Plank discussed the branding in detail. Again, Mr. Khaziri disclosed the hydrogen fuel installation under the canopy at the Sunnyvale Station. Like Mr. Wilson and Mr. Nguyen, Mr. Plank did not express any concern about the location of the Hydrogen Dispenser.

113.    On or about May 23, 2018, Mr. Khaziri hosted another meeting at the Sunnyvale Station. At the meeting was Mr. Plank, Mr. Nguyen, and Robert Mustain. While at the Sunnyvale Station, the men discussed the Hydrogen Dispenser and that Mr. Khaziri was planning on installing hydrogen at the Sunnyvale Station. Mr. Khaziri pointed out the location of the Hydrogen Dispenser

15
COMPLAINT

under the canopy. Again, none of the Tesoro/Andeavor representatives raised any issue with the planned location of the Hydrogen Dispenser.

114. Mr. Wilson, Mr. Nguyen, Mr. Plank, and Mr. Mustain intentionally failed to disclose that the Hydrogen Dispenser may not be allowed under the canopy at the Sunnyvale Station, despite otherwise expressing support for the Hydrogen Dispenser. This fact was known only to Tesoro/Andeavor, and their agents Mr. Wilson, Mr. Nguyen, Mr. Plank, and Mr. Mustain.

115. The Tesoro/Andeavor representatives intended to deceive NDF as to the location of the Hydrogen Dispenser so that NDF would continue operating the Sunnyvale Station under the Mobil name, resulting in significant profits for Tesoro and Andeavor.

116. In reliance on Defendants' omissions, NDF proceeded with obtaining Sunnyvale approval of the Hydrogen Dispenser. They were also awarded a $1.95 million grant from California. NDF invested significant time, resources, and expenses over the past three years to obtain Sunnyvale and state approval of the Hydrogen Dispenser.

117. As a direct and proximate result of Defendants' concealment of this material fact, NDF sustained damages in an amount to be determined by the trier of fact.

118. Additionally, because Defendants' omissions and misrepresentations were intentional, malicious, oppressive, or fraudulent, they give rise to liability for exemplary and punitive damages, which NDF seeks and is entitled to recover according to proof at trial.

**FIFTH CLAIM FOR RELIEF**
**(Violation of Business and Professional Code § 17200 Against All Defendants)**

119. California Business and Professions Code Section 17200 *et seq.*, the Unfair Competition Law ("UCL"), prohibits unfair competition, which includes any unlawful, unfair and/or fraudulent acts or practices and any unfair, deceptive, untrue or misleading advertising.

120. Defendants have violated the UCL by engaging in the unlawful, unfair and/or fraudulent business acts and/or practices alleged herein, including their concealment to NDF that they would not approve of the location of the Hydrogen Dispenser under the canopy at the Sunnyvale Station.

121. NDF has suffered actual injury and has lost money or property by virtue of the

unlawful, unfair and fraudulent acts of Defendants.

122.    The UCL provides for restitution for violations. NDF thereby requests that this Court order Defendants to restore all property, real or personal, which they have acquired by means of the unfair competition described herein. This includes, at a minimum, all monies and fees paid by NDF to Defendants, and all monies, revenues and profits earned by Defendants related to the RSA.

**PRAYER FOR RELIEF**

WHEREFORE, NDF respectfully prays for relief as follows:

A.    Rescission of the RSA;

B.    Actual, indirect, economic, consequential, and compensatory damages, including lost profits against Marathon in an amount to be determined at trial;

C.    Punitive and/or exemplary damages in an amount to be proven at trial;

D.    For pre- and post-judgment interest according to law;

E.    For recovery of attorneys' fees, costs, and expenses incurred in this action; and

F.    For such other and further relief as the Court may deem just and proper.

Dated:  June 27, 2019                              Respectfully submitted,

                                                   LEWIS & LLEWELLYN LLP

                                        By: _____
                                                   Marc R. Lewis
                                                   Attorneys for Plaintiff
                                                   NEVADA DEANZA FAMILY
                                                   LIMITED PARTNERSHIP

17
COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff Nevada DeAnza Family Limited Partnership hereby demands a trial by jury of all issues so triable.


Dated:  June 27, 2019                                    LEWIS & LLEWELLYN LLP


                                                         By: _____
                                                             Marc R. Lewis
                                                             Attorneys for Plaintiff
                                                             NEVADA DEANZA FAMILY
                                                             LIMITED PARTNERSHIP

18
COMPLAINT